1

2

3

4

5

6                              IN THE UNITED STATES DISTRICT COURT

7                          FOR THE EASTERN DISTRICT OF CALIFORNIA

8    BALVIR BISLA,

9                  Plaintiff,                         No. 2:12-cv-1551 KJM GGH PS

10            vs.

11   GEORGE TELLIS,

12                                                   FINDINGS AND RECOMMENDATIONS

                 Defendant.

13   _____/

14            This action was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21).

15   It was removed from state court on June 8, 2012.  A district court has "a duty to establish subject

16   matter jurisdiction over [a] removed action *sua sponte*, whether the parties raised the issue or

17   not."  United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966 (9th Cir. 2004);

18   see also Kelton Arms Condominium Assoc., Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192

19   (9th Cir. 2003).  Having reviewed the notice of removal, the court finds that the action should be

20   remanded to state court due to lack of subject matter jurisdiction.

21            Removal jurisdiction statutes are strictly construed against removal.  See Libhart

22   v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).  "Federal jurisdiction must be

23   rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, 980

24   F.2d 564, 566 (9th Cir. 1992).  "The burden of establishing federal jurisdiction falls on the party

25   invoking removal."  Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930 (9th Cir. 1994),

26   \\\\\

1

1  overruled on other grounds by Leeson v. Transamerica Disability Income Plan, 671 F.3d 969,

2  979 (9th Cir. 2012).

3         A plaintiff may bring suit in federal court if his claim "arises under" federal law.

4  28 U.S.C. § 1331.  In that situation, the court has original jurisdiction.  A state court defendant

5  cannot invoke the federal court's original jurisdiction.  But he may in some instances invoke the

6  court's removal jurisdiction.  The requirements to invoke removal jurisdiction are often identical

7  to those for invoking its original jurisdiction.  The requirements for both relate to the same end,

8  that is, federal jurisdiction.

9         Removal of a state court action is proper only if it originally could have been filed

10 in federal court.  28 U.S.C. § 1441.  "[F]ederal courts have jurisdiction to hear, originally or by

11 removal, only those cases in which a well-pleaded complaint establishes either that federal law

12 creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution

13 of a substantial question of federal law."  Franchise Tax Board v. Construction Laborers

14 Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2855-56 (1983).  Mere reference to federal

15 law is insufficient to permit removal.  See Smith v. Industrial Valley Title Ins. Co., 957 F.2d 90,

16 93 (3d Cir. 1992).  Also, defenses and counterclaims cannot provide a sufficient basis to remove

17 an action to federal court.  See Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994); FIA Card Servs.

18 v. McComas, 2010 WL 4974113 (S.D. Cal. Dec. 2, 2010) (remanding action removed by

19 defendant on the basis that defendant's counterclaim raised a federal question).

20        Here, the exhibits attached to the removal petition establish that the state court

21 action is nothing more than a simple unlawful detainer action, and is titled as such.  (See Dkt.

22 No. 1.)  This court has no jurisdiction over unlawful detainer actions which are strictly within the

23 province of the state court.  Defendant's removal petition states that federal subject matter

24 jurisdiction is proper because "the complaint presents federal questions."  Defendant also states

25 that the notice to vacate the premises was defective and therefore plaintiff failed to comply with

26 the Protecting Tenants at Foreclosure Act.  However, as discussed above, such a counterclaim

1  cannot provide a sufficient basis to remove the action to federal court.  Furthermore, simple

2  reference to federal law does not create subject-matter jurisdiction. Avitts v. Amoco Prod. Co.,

3  53 F.3d 690, 694 (5th Cir.1995).  Based on the aforementioned analysis, the court finds that

4  remand is appropriate, because there is no subject matter jurisdiction.

5          For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

6          1.  The action be remanded to the Yolo County Superior Court;

7          2.  The Clerk be directed to serve a certified copy of this order on the Clerk of the

8  Yolo County Superior Court, and reference the state case number (UD 12-479) in the proof of

9  service; and

10          3.  The Clerk be directed to close this case.

11          These findings and recommendations are submitted to the United States District

12  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

13  fourteen (14) days after being served with these findings and recommendations, any party may

14  file written objections with the court and serve a copy on all parties.  Such a document should be

15  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

16  objections shall be served and filed within seven (7) days after service of the objections.  The

17  parties are advised that failure to file objections within the specified time may waive the right to

18  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

19  DATED: June 20, 2012

20                                  /s/ Gregory G. Hollows
                         UNITED STATES MAGISTRATE JUDGE

21  GGH/076
   Bisla1551.rem.wpd

22

23

24

25

26

                                            3